# Exhibit A
Complaint and Jury Demand
2019cv30844

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, BOULDER COLORADO<br><br>1777 6th St.<br>Boulder, CO 80302 | DATE FILED: September 4, 2019 5:03 PM<br>FILING ID: 4C3DF325ACEE2<br>CASE NUMBER: 2019CV30844 |
| Plaintiff(s): **LEANNE OTHEN and JASON GRANT**<br><br>v.<br><br>Defendant(s): **AMERICAN STRATEGIC INSURANCE CORP.** | ▲                                              ▲<br>**COURT USE ONLY** |
| **_Attorneys for Plaintiffs:_**<br>Marco F. Bendinelli (#28425)<br>S. Paige Singleton (#49011)<br>Drew W. Vicary (#52160)<br>BENDINELLI LAW FIRM, PC<br>9035 Wadsworth Pkwy., Ste. 4000<br>Westminster, CO 80021<br>Phone Number:  303.940.9900<br>Fax Number:  303.940.9933<br>Email: MFB@COLawFirm.com; SPS@COLawFirm.com; DWV@COLawFirm.com | Case No.:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COME NOW Plaintiffs, Leanne Othen and Jason Grant, by and through their attorneys, Bendinelli Law Firm, P.C., and Complaint against the above-named Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiffs Leanne Othen and Jason Grant (hereinafter "Plaintiffs") are residents of and domicile in, Boulder County, Colorado.

2.  Upon information and belief, Defendant American Strategic Insurance Corp. (hereinafter "Defendant") is a foreign corporation with its principle place of business in Florida, authorized to do business in the state of Colorado, is in good standing, and is engaged in the business of insurance within the state.

3.  Defendant's registered agent, Corporate Creations Network Inc., is located at 155 E. Boardwalk #490, Fort Collins, Colorado 80525.

4.   This Court has jurisdiction over the subject matter of this action and the parties hereto.

5.   Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

6.   Defendant issued Policy Number COA96658 (hereinafter "Policy") to Plaintiffs, insuring their property located at 7496 Panorama Drive, Boulder, Colorado 80303 (hereinafter the "Property") during the period in which the subject loss occurred. The Policy was in force at all relevant times identified in this Complaint.

7.   The Policy covers, *inter alia*, all risks of direct physical loss or damage to the home located at the Property, including property damaged by hail and wind.

8.   On or about June 18, 2018, a hail and windstorm occurred, causing damage to Plaintiffs property.

9.   Upon information and belief, on or about June 18, 2018, Plaintiffs tendered to Defendant a claim for benefits arising from damage to the Property sustained from substantial wind and hail. Defendant issued claim number 572206-180607-021505 related to this storm.

10.  Upon information and belief, on or about July 20, 2018, Defendant's Desk Adjuster, Eloy Martinez, inspected the Property for damages.

11.  Defendant completed its estimate on October 1, 2018, representing damages to the roof and exterior (front elevation, right elevation, rear elevation, and left elevation) of the Property. Defendant estimated a total Replacement Cost Value ("RCV") in the amount of $6,283.38 for the Property, and a total Actual Cash Value ("ACV") in the amount of $5,431.92.

12.  On August 28, 2018, Defendant issued payment to Plaintiffs in the amount of $2,069.70 for damages sustained to the Property's metal roof, gutters, window trim paint, dryer vent, and air conditioner security cage.

13.  On August 28, 2018, Defendant retained ProNet Group, Inc. to inspect the Property. The purpose of Defendant's evaluation was to determine the origin and cause of damage to the roof covering and provide repair recommendations.

14.  On September 19, 2018, ProNet Group, Inc. issued a report following inspection of the Property by Daniel R. Lemley, P.E. (Colorado Professional Engineer License No. PE.0053827) to Defendant. Mr. Lemley's report concluded, *inter alia*, that the concrete tile roofing, window trim, and the gutters had not sustained wind or hail-related damage from an event that occurred on or about June 19, 2018.

15. Upon information and belief, on November 4, 2018, Plaintiffs contacted Mr. Ryan Burke and Bulldog Roofing, Inc. to perform a roof inspection of the Property.

16. Upon information and belief, a roof inspection of the Property was performed by Mr. Ryan Burke, a Haag Certified Inspector, on November 15, 2018. Approximately 275 photos were taken during inspection of collateral and the roof tiles by Mr. Burke.

17. A report was issued by Mr. Burke in conjunction with his November 15, 2018 inspection on December 6, 2018.

18. Mr. Burke and Bulldog Roofing, Inc. estimated a total RCV for the Property of $211,420.28. The RCV estimate included costs to repair the main roof, the front metal roof, gutters, painting, windows, HVAC, Fencing, personal property, labor and debris removal.

19. Mr. Burke stated within his December 6, 2018 report "it can be reasonably concluded that the majority of the damage to the tiles was the result of large hail during the June 18, 2018 storm that passed over the Grant & Othen residence."

20. Defendant included an endorsement in Plaintiffs' Policy titled Single Deductible Advantage. Defendant notifies all policyholders of the following; "THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ CAREFULLY."

21. The above referenced endorsement states as follows: "If a single event causes a loss for which coverage applies under both your Progressive auto policy and your ASI PHA Homeowners Policy, your ASI Homeowners Policy deductible will be reduced by the amount of your Progressive auto policy deductible applied to the loss."

22. Plaintiffs filed an auto claim and were paid proceeds in the amount of $5,838.13 from Progressive auto policy claim #18-4335282-01.

23. A deductible of $1,000.00 was adjusted from the auto policy claim #18-4335282-01, resulting in a net payout of $5,838.13.

24. Defendant applied the full deductible of $2,500.00 to the ASI PHA Homeowners Policy claim #572206-180607-021505.

25. Defendant did not apply any reduction to the ASI Homeowners Policy deductible.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Defendant entered into a contract with Plaintiffs to insure the Property.

28. The Policy creates a contract of insurance between the parties.

29. By its actions, as described above, Defendant breached the contract of insurance when it failed to pay Plaintiffs the full amount of benefits owed under the Policy.

30. As a direct and proximate cause of said breach, Plaintiffs are entitled to damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Bad Faith Breach of Insurance Contract)**

31. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

32. Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, deal with Plaintiffs fairly and honestly; faithfully perform its duties of representation; and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights to receive the Policy's benefits.

33. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:
    a. Failing to properly investigate and evaluate Plaintiffs' claims for Policy benefits;
    b. Failing to pay Plaintiffs the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims;
    e. Failure to give consideration to Plaintiffs' rights and interests as it has given its own interests;
    f. Depriving Plaintiffs of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiffs to institute litigation in order to recover amounts due under the Policy;
    h. Defendant ASI's estimate for damage to the Property evaluated and completed by Eloy Martinez on October 1, 2018, lists the Date of Loss as June 19, 2018. The Date of Loss listed on an estimate of hail damage to Plaintiff's automobile arising from the same hail storm which damaged Plaintiff's vehicle registered and parked at the Plaintiff's Property was June 18, 2018. Plaintiffs bundled their Defendant ASI homeowner's insurance Policy with a Progressive automobile policy;
    i. Defendant's inspection of the Property, conducted by Daniel R. Lemley, P.E., of ProNet Group, Inc. on September 19, 2018 lists the date of loss as June 19, 2018. The average hailstone size for hail events occurring on June 19, 2018 was 0.5 inches, and the maximum hailstone size was one inch, whereas the average hailstone size for hail events occurring on June 18, 2018 was 2.5 inches, and the maximum hailstone size was three inches, per ProNet Group, Inc.'s report;

      j.  Based on Mr. Daniel Lemley's inspection report, Defendant knew or should have known the average hailstone size for events occurring on the date of loss (June 18, 2018) was 2.5 inches, with a maximum size of three inches;

      k.  Misrepresented pertinent facts; and

      l.  Other conduct to be revealed through discovery.

34. In consideration of the foregoing, Defendant failed to adequately investigate Plaintiff's claim and failed to provide a reasonable settlement to Plaintiffs.

35. Defendant acted unreasonably and either knew or recklessly disregarded the fact that its conduct was unreasonable.

36. As a result of this willful and wanton conduct, Plaintiffs have directly and proximately suffered damages as set forth more fully in their prayer for relief below.

### THIRD CAUSE OF ACTION
### (Violation of C.R.S. § 10-3-1115 and Relief Pursuant to § 10-3-1116)

37. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

38. C.R.S. § 10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to, or on behalf of, a first-party claimant.

39. Plaintiffs are first-party claimants under C.R.S. § 10-3-1115.

40. Defendant improperly denied or delayed resolution of Plaintiffs' claim without reasonable basis within the meaning of C.R.S. § 10-3-1115.

41. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by and insurer may bring an action in Colorado District Court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

42. Due to Defendant's actions and conduct as set forth herein in violation of C.R.S. § 10-3-1115, Plaintiffs bring this claim to recover their reasonable attorneys' fees, court costs, and two times the covered benefit, as allowable under C.R.S. § 10-3-1116.

### JURY DEMAND

43. Plaintiffs demand a trial by jury for all claims set forth herein.

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor and against Defendant as follows:

      a)  For compensatory damages, both economic and non-economic, in amounts to be proved at trial;

b) For double damages pursuant to statute;
c) For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
d) For reasonable attorneys' fees and costs of suit herein; and
e) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of September, 2019.

BENDINELLI LAW FIRM, P.C.

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

By: */s/ Drew W. Vicary*
Marco F. Bendinelli (#28425)
S. Paige Singleton (#49011)
Drew W. Vicary (#52160)
*Attorneys for Plaintiffs*

Physical Address of Plaintiffs:
7496 Panorama Dr.
Boulder, CO 80303